NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAUNA G. OGBURN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-
ANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1888

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-185, Judge Joseph L. Toth.

---

Decided: November 4, 2022

---

LAUNA G. OGBURN, Woodbridge, VA, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; RICHARD STEPHEN HUBER, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

PER CURIAM.

Launa G. Ogburn appeals a decision of the United States Court of Appeals for Veterans Claims dismissing her appeal for lack of jurisdiction. Because the Veterans Court lacked jurisdiction to hear Ms. Ogburn's appeal, we *affirm*.

## BACKGROUND

On September 8, 2021, the Board of Veterans' Appeals granted Ms. Ogburn service connection for an eye disability and remanded her remaining claims for further development. S. Appx. 9–15. Two days later, on September 10, the regional office issued a decision assigning Ms. Ogburn's eye disability a disability rating of zero percent. S. Appx. 28. The rating decision was sent to Ms. Ogburn with a cover letter dated September 13, 2021. S. Appx. 16–27.

Ms. Ogburn filed a Notice of Appeal with the Veterans Court listing September 13, 2021, instead of September 10, as the date of the decision she wished to appeal. S. Appx. 1. Pursuant to 38 U.S.C. §§ 7252 and 7266, the Veterans Court dismissed Ms. Ogburn's appeal for lack of jurisdiction because the Board had not issued any final, adverse decision. S. Appx. 1–2. In doing so, it explained that to the extent Ms. Ogburn intended to appeal the September 8 Board decision, she had in fact already done so and has a case pending before the Veterans Court. The Veterans Court further explained that to the extent Ms. Ogburn was appealing the September 10 rating decision, she was required to first appeal that decision to the Board before appealing to the Veterans Court. S. Appx. 1–2. Therefore, the Veterans Court dismissed for lack of jurisdiction. Ms. Ogburn appeals.

DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Whether the Veterans Court had jurisdiction is a matter of statutory interpretation we review de novo. *In re Wick*, 70 F.3d 367, 370 (Fed. Cir. 1994).

Ms. Ogburn argues she did not need to appeal the September 10 regional office decision to the Board for the Veterans Court to have jurisdiction. Appellant's Informal Reply Br. at 3. The Veterans Court, however, only has jurisdiction over final Board decisions, not decisions from the regional office. 38 U.S.C. § 7252(a). Because the Veterans Court did not err in its determination that it does not have jurisdiction over regional office decisions, we *affirm*.

**AFFIRMED**

COSTS

No costs.